# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS BARRIA,<br><br>                Plaintiff,<br>  vs.<br><br>QUANTUM HEALTH, INC.; QUANTUM PROPERTIES, LP; DOES 1 through 10, Inclusive,<br><br>                Defendant. | CASE NO. 09 CV 1521 JLS (JMA)<br><br>**ORDER DENYING MOTION TO SUBSTITUTE PLAINTIFF**<br><br>(Doc. No. 17) |

      Presently before the Court is Martha Barria's motion to substitute herself as Plaintiff in the above-captioned matter in place of her son, Luis Barria. (Doc. No. 17). For the reasons stated below, the Court **DENIES** the motion and **DISMISSES** the action for lack of subject-matter jurisdiction.

## BACKGROUND

      Plaintiff Luis Barria commenced this action on July 13, 2009. In his Complaint, Plaintiff alleges that he has a mobility impairment and uses a wheelchair. (Doc. No. 1 ("Compl.") ¶ 10.) Plaintiff claims that he "was and has been denied full and equal access to the facilities owned and/or operated by the Defendant because the property was inaccessibly to members of the disabled community who use wheelchairs for mobility." (*Id.* ¶ 11.) As such, Plaintiff asserts the following causes of action: (1) violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., ("ADA"); (2) violation of California Civil Code §§ 51, et seq., 52, et. seq., and 54, et. seq.; (3) violation of California Health and Safety Code § 19955, et seq; (4) Negligence per se;

1  (5) Negligence; (6) Declaratory Relief; and (7) Injunctive Relief.

2  On February 23, 2010, Plaintiff passed away. (Doc. No. 16.) On May 11, 2010, Martha
3  Barria filed the present motion to substitute in as Plaintiff as Luis Barria's successor-in-interest.
4  (Doc. No. 17.) Defendants filed a response in opposition to the motion on June 29, 2010. (Doc.
5  No. 19.) Martha Barria did not file a reply. A hearing on the motion set for July 15, 2010 was
6  vacated and the matter taken under submission without oral argument.

7  **DISCUSSION**

8  Martha Barria moves to substitute in as Plaintiff for Luis Barria under Federal Rule of
9  Civil Procedure 25(a)(1). Rule 25(a)(1) provides, in pertinent part:

10  If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's
11  successor or representative.

12  Fed. R. Civ. P. 25(a)(1).

13  Martha Barria concedes that Luis Barria's claims for injunctive relief are extinguished by
14  his death. (Mem. ISO Mot. at 2.) The only remedy available to Plaintiff pursuant to his first cause
15  of action for violation of Title III of the ADA pursuant to 42 U.S.C. § 12188(a) is injunctive relief.
16  *See* 42 U.S.C. § 12188(a); *see also Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002); *Fisher v.*
17  *SJB-P.D. Inc.*, 214 F.3d 1115, 1120 (9th Cir. 2000). Claims for injunctive relief require the
18  existence of a real or immediate threat of irreparable harm. *Hangarter v. Provident Life and Acc.*
19  *Ins. Co.*, 373 F.3d 998, 1021-22 (9th Cir. 2004). As such, the Court agrees with Martha Barria's
20  concession that the death of Luis Barria render's his claims for injunctive relief moot. *See*
21  *Kennerly v. United States*, 721 F.2d 1252, 1260 (9th Cir. 1983). Therefore, Plaintiff's first cause
22  of action for violation of the ADA and seventh cause of action for injunctive relief are
23  extinguished and Martha Barria is unable to substitute in as Plaintiff as to these claims.

24  The extinguishment of Plaintiff's ADA claim leaves only state law claims in this matter. A
25  court has discretion to decline to exercise supplemental jurisdiction over state law claims if the
26  court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *see*
27  *also Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 n.2 (9th Cir. 1997). The litigation in this
28  matter in within its early stages and therefore the Court declines to exercise supplemental

jurisdiction. Accordingly, the Court dismisses the remaining state law causes of action without prejudice and does not reach the issue of substitution of Martha Barria as Plaintiff over these state law claims.

## CONCLUSION

For those reasons, the Court **DENIES** Martha Barria's Motion for Substitution of Plaintiff. The case is **DISMISSED** without prejudice for lack of subject-matter jurisdiction. The Clerk shall close the file.

DATED: September 2, 2010

Honorable Janis L. Sammartino
United States District Judge